OPINION
In August 1997, appellee, Robert M. Rennie, purchased a 1997 Pontiac Grand Am. The car was previously wrecked. Rennie's brother, John Rennie, repaired the car. Rennie claims that he paid $5,000 for the car, and $5,300 for the repairs.
Rennie was friends with Murphy's husband. This friendship stemmed from their employment at the Lakeline Police Department.
Rennie attempted to get the car titled in his name. However, due to outstanding parking tickets from the city of Cleveland, Rennie was not permitted to have the car titled in his name. He asked Murphy to have the car titled in her name, and she agreed. The title indicates that the car was a gift to Murphy.
Rennie drove the car until November of 1997. Around this time Rennie had an argument with Murphy's husband. Following the argument, the Murphys called the Eastlake Police Department and told the police that Rennie had "their car." The police called Rennie and told him that Murphy had legal right to the car. The Murphys retrieved the car from Rennie's residence without incident.
In January 1998, Rennie brought this action against Murphy. Subsequently, Murphy sold the car. The matter was referred to arbitration, where Rennie was awarded $5,000 for his claim of unjust enrichment. However, Rennie appealed this award. The case was then moved back to the trial docket of the Lake County Court of Common Pleas.
Murphy then filed for bankruptcy. The United States Bankruptcy Court for the Northern District of Ohio found that the debt Murphy owed Rennie was non-dischargeable.
The trial court then granted Rennie's motion for summary judgment. The court entered judgment in favor of Rennie for $10,000, plus ten percent interest from November 1, 1997.
Murphy raises one assignment of error on appeal:
 "The trial erred and abused its discretion in granting plaintiff's motion for summary judgment, as a genuine issue of material fact did exist in this matter."
Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] The standard of review for the granting of a motion for summary judgment is de novo.[2]
The moving party has the initial burden to point to some evidence which demonstrates that there are no genuine issues of material fact.[3] If the moving party does not satisfy this burden, then summary judgment should not be entered. However, if the moving party does satisfy this burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue of material fact. If the non-moving party fails to meet this burden, summary judgment should be entered in favor of the moving party.[4]
There was no genuine issue of material fact in regards to whether Murphy was unjustly enriched. Murphy paid nothing for the car. She stated in her deposition that the reason the car was titled in her name was to accommodate Rennie because of the unpaid parking tickets. Murphy then sold the car and let her son keep the money. The trial court did not err in concluding that Murphy was unjustly enriched.
Rennie attached an affidavit to his motion for summary judgment indicating that he paid a total of $10,300 for the car. The affidavit also stated that the fair market value of the car was $12,575. Rennie did not attach any other documents, such as receipts, to substantiate these amounts.
Murphy did not submit any affidavits with her brief in opposition to summary judgment. Therefore, the only evidence before the trial court was Rennie's affidavit.
Rennie argues that Murphy should have submitted an affidavit contradicting the amount of damages, if she wished to contest them. We agree. Murphy was required to defend the assertions of Rennie pursuant to Civ.R. 56(E), which states, in relevant part:
 "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."
Murphy needed to point to specific evidence to contradict Rennie's assertions of the value of the car. If she had personal knowledge of the value of the car, she could have submitted an affidavit to that effect.
Murphy was not a party to the transactions Rennie mentions in his affidavit. Thus, there is a possibility that Murphy did not have any idea what the value of the car was. Even so, she should have, pursuant to Civ.R. 56(E), submitted an affidavit stating the specific reasons that she was unable to present by affidavit facts that could have justified her opposition. Then, the trial court may have refused to grant Rennie's motion for summary judgment or ordered "a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."[5]
Rennie met his initial burden by pointing to specific evidence to show that there were no genuine issues of material fact. After this burden was met, the burden shifted to Murphy to point to specific evidence to show that there was a genuine issue of material fact for trial. Murphy did not meet this burden. Thus, the trial court did not err by entering summary judgment in favor of Rennie.
Murphy's assignment of error is without merit.
The judgment of the trial court is affirmed.
CHRISTLEY, J., NADER, J., concur.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[3] Dresher v. Burt, 75 Ohio St.3d at 293.
[4] Id.
[5] Civ.R. 56(F).